OF THE

## STATE OF LOUISIANA.

———◆0◆———

EASTERN DISTRICT......JANUARY TERM, 1829.

———◆ 0 ◆———

*THOMPSON* vs. *CHAUVEAU.*

APPEAL from the court of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The defendant, who is city marshal, seized, under execution against Grymes and wife, a lot which the petitioner had acquired by authentic act, and of which he was in possession. The plaintiffs in execution have appeared in the action, and alleged various grounds why the sale to the plaintiff was null and void, as it respects creditors.

Eastern Dist.
*January* 1829

An execution from the city court, to seize goods and chattles, does not authorise the marshall to seize and sell real estate.

When the principal appears in court to support the act of the agent, whatever is evidence against the latter, is evidence against the former.

Eastern Dist.
January 1829

THOMPSON
*vs.*
CHAUVEAU.

When the purchaser at sheriff's sale intervenes to maintain the validity of it, the court may order him to restore possession.

We are strongly inclined to think that none of these grounds are sustainable, in the situation the parties now present themselves. The plaintiffs were not authorized perhaps to treat the alienation as void, and seize the property in the hands of a third party. They ought to have brought an action to have had it set aside. But supposing they were authorized to proceed in the manner they did, we are clear the language of the execution did not authorize the seizure of real estate, and the marshal is responsible.

The writ issued by the justice of the peace, directed him to seize the *goods and chattles of the defendants in execution.* Neither in the technical understanding of those words as used in our law, nor in the ordinary meaning given to them by common use, and the authority of the best philologists, can they be considered as embracing real estate. The act of 1805, which gives the form of the writ of *fieri facias*, uses the expressions " goods and chattles, lands and tenements." If the terms *goods and chattles*, comprehend *lands and tenements*, the latter words were useless, and placed there for no purpose. This of course we cannot presume in an act of the legislature.

More particularly, when in the French text of
the law, which at that time was of equal authority with the English, we find "goods and
chattles," rendered by *effets, meubles.* Johnson, in his dictionary, states *goods* to mean personal property, *chattles* any moveable possession. The popular understanding of these words, it is unnecessary for us to remark, is in conformity with these definitions.

Several bills of exceptions were taken on the trial, to the introduction on the part of the plaintiff, of proceedings had by him against the defendant, Chauveau, before the justice of the peace. They were objected to on the ground that they were irrelevant, and not evidence against the plaintiffs in execution, who had appeared in this cause to support the proceedings of the marshal. They were not perhaps necessary to enable the plaintiff to maintain this action, but not being able to perceive any injury they could have done the defendants, we do not think the cause should be remanded on that account. As to their being *res enter alios acta*, and therefore not evidence against the interveners, we are of opinion there is no weight in the objection. Parties who voluntarily appear in court to vindi-

cate and justify the acts of their agent, cannot, in any respect, deprive those who complain of those acts of the use of any evidence which could have been legally offered against him.

The appellee has complained of the judgment of the court below, in not directing one of the interveners in the suit, who purchased the property at sheriff's sale, to give up possession of the premises; and the complaint we think well founded. The purchaser having declared that the acts of the marshal were done by his authority, and joined issue on the validity of his proceedings, of which the sale to himself made a part, the decree of the court would not reach the merits of the case, if he were not compelled to restore the possession.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover possession of the lot in question from H. Buckman, or of the interveners in this cause; that he also recover from the defendant, Louis Chauveau, the sum of one hundred and fifty dollars, with costs in both courts; and that the said Louis Chauveau do

recover from Norman, M'Cleod & Campbell, Henry Buckman, George Singleton, G. R. Baumgard and Hiram Houghton, the said sum of one hundred and fifty dollars, with costs in both courts.

<div style="text-align: right; font-style: italic;">Eastern Dist.<br>January 1829<br><br>THOMPSON<br>vs.<br>CHAUVEAU.</div>

*Nixon* for the plaintiff—*Canon & M'Caleb* for the defendant.